IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MCBRAYER, EQ-2831,          )
    Petitioner,                    )
                                   )
    v.                             )   Civil Action No. 06-667
                                   )
PAUL J. STOWITSKY, et al.,         )
    Respondents.                   )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Robert McBrayer for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal issue.

II. Report:

Robert McBrayer, an inmate at the State Regional Correctional Facility at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

McBrayer is presently serving a seven to twenty year sentence imposed following his conviction, by a jury, of rape, indecent assault, aggravated indecent assault, indecent exposure, corruption of minors and endangering the welfare of children at No. 3345 Cr. 2000, in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on April 17, 2001.[1]

---

[1] See: Petition at ¶¶ 1-6.

An appeal was taken to the Superior Court in which the issues raised were:

I. Whether the trial court erred by precluding defendant from offering evidence of the minor victim's prior exposure to male genitalia where such evidence was not inadmissible under the rape shield law and was relevant to demonstrate that defendant was not necessarily the source of the victim's ability to testify about alleged sexual conduct.

II. Whether the trial court abused its discretion in permitting an emergency room physician to testify regarding statements attributed to the victim under the tender years hearsay exception where the doctor's failure to recall the victim's [words] was improperly rehabilitated, over objection, by the Commonwealth's leading questions.[2]

On February 15, 2002, the judgment of sentence was affirmed.[3] On December 24, 2002, leave to appeal was denied by the Pennsylvania Supreme Court.[4]

Petitioner submitted a post-conviction petition to the Court of Common Pleas.[5] In that petition he alleged that trial counsel was ineffective for failing to obtain a 26-page letter written by the mother of the victim in which she stated her belief in the innocence of the petitioner who was also her boyfriend.[6] Following a hearing, on August 3, 2005, the court dismissed the petition.[7] On January 25, 2006, the post-conviction court issued an opinion and notice of intention to dismiss the petition.[8] On January 12, 2006, petitioner submitted a second post-

---

[2] See: Attachment 4 to the Answer of the Commonwealth at p.4a.

[3] See: Attachment 5 to the Answer of the Commonwealth at pp.45a-59a.

[4] See: Attachment 6 to the Answer of the Commonwealth at p.60a.

[5] See: Attachments 7 and 8 to the Answer of the Commonwealth at pp. 65a-101a.

[6] Id.

[7] See: Attachment 9 to Answer of the Commonwealth at pp.102a-103a as well as Attachment 12 at p.118a..

[8] See: Attachment 10 to the Answer of the Commonwealth at p.104a.

conviction petition which was denied as untimely on May 25, 2006.[9]

On May 14, 2006, the petitioner executed the instant petition in which he contends he is entitled to relief due to:

> 1. Trial court erred by precluding defendant from offering evidence of minor victim's prior exposure to male genitalia, where evidence was not inadmissible under Rape Shield Law and relevant.
>
> 2. Trial court abused its discretion by permitting emergency room doctor to testify regarding statements attributed to victim under Tender Years Hearsay Exception, where doctor's failure to recall victim's statements was improperly rehabilitated by the Commonwealth.
>
> 3. Petitioner was denied due process as a result of trial and appellate counsel's failure to obtain a 26-page letter written by Bonnie Lyons, the mother of the alleged victim, which petitioner contends was relevant and would have created a reasonable doubt of petitioner's guilt.[10]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[9] See: Attachments 11 and 12 to the Answer of the Commonwealth at pp.105a-119a.

[10] See: Petition at ¶¶ 9 and 11.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask

whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the first two issues which the petitioner seeks to raise here regarding evidentiary rulings have been presented to the appellate courts of Pennsylvania for their review in the first instance and are properly before this Court for consideration. However, the issue regarding ineffective assistance of counsel was only raised in the trial court post-conviction petition and never raised in the appellate courts of the Commonwealth.

In Coleman v .Thompson, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

In the instant case, there is no demonstration of any reason why the petitioner failed to raise this issue in the appellate courts of the Commonwealth, nor is there any showing made that he was prevented from doing so. Accordingly, this claim is procedurally barred here.

The factual background to this conviction may be gleaned from the February 15, 2002 Memorandum of the Superior Court:

This case involves various instances of sexual activity Appellant had with A.P., a minor child, between September 1997 and August 1999. Appellant lived with A.P.'s mother and family at different points during the relevant two-year time period. A.P.'s parents are divorced and, at the time of the incidents, A.P.'s father

lived in Chicago, Illinois. On October 2, 2000, Appellant was charged with rape, indecent assault, involuntary deviate sexual intercourse, aggravated indecent assault, indecent exposure, corruption of minors and endangering the welfare of children. Following a jury trial, Appellant was convicted of all the above named crimes except involuntary deviate sexual intercourse. Appellant received a sentence of seven (7) to twenty (20) years of imprisonment for the rape conviction and a concurrent sentence of three (3) to six (6) years of imprisonment for the aggravated indecent assault conviction.[11]

Both the issues which the petitioner raises here concern allegedly erroneous evidentiary rulings. These matters were presented to the Pennsylvania courts in the context of erroneous rulings made under the Pennsylvania law standards. Specifically, the petitioner's first contention is that evidence of the victim's prior exposure to her natural father's nudity should have been admitted as it was not barred by the Pennsylvania Rape Shield Law. In reviewing this contention, the Superior Court noted that the proffered evidence had no relevance, did not involve the petitioner and at best was "conjectural evidence prohibited" under prior determinations.[12]

The second evidentiary ruling about which the petitioner complains concerns the alleged admission of hearsay evidence by the emergency room physician as coming under the Tender Year Hearsay exception. Specifically, the relevant Pennsylvania rule, 42 Pa.C.S.A. 5985.1 provides:

> An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses [relating to sexual offenses] performed with or on the child by another, not otherwise admissible by statue or rule of evidence, is admissible in evidence in any criminal or civil proceeding ...

Thus, this alleged basis for relief arose in the context of Pennsylvania law, and was reviewed as

---

[11] See: Answer of the Commonwealth at pp.45a-46a.

[12] Id. at pp.53a-54a.

such by the Superior Court, and found admissible.

Alleged errors of state law, do not provide a basis for federal relief. <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991). Federal courts may only correct such errors where they rise to issues of federal constitutional proportion. <u>Johnson v. Rosemeyer</u>, 117 F.3d 104 (3d Cir.1997). No such showing is made here.

Accordingly, it is recommended that the petition of Robert McBrayer for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional claim.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: July 31, 2006      United States Magistrate Judge